# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 22, 2020

Kevin R. Shannon, Esquire
Jaclyn C. Levy, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19801

Martin S. Lessner, Esquire
M. Paige Valeski, Esquire
Alberto E. Chávez, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

RE: ***POSCO Energy Co., Ltd. v. FuelCell Energy, Inc.***,
Civil Action No. 2020-0713-MTZ

Dear Counsel,

In this books and records action, I write to address the motion for leave to file an amended and supplemental complaint filed by plaintiff POSCO Energy Co., Ltd. ("POSCO") under Court of Chancery Rule 15(d). Under that Rule, the Court may allow a party to serve a "supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."[1] Leave to supplement is liberally granted, unless, in a narrowly construed exception, there is inexcusable delay and prejudice to the defendant.[2]

---

[1] Ct. Ch. R. 15(d).

[2] *Parnes v. Bally Ent. Corp.*, 2000 WL 193112, at *2 (Del. Ch. Feb. 8, 2000).

Here, POSCO did not delay, and the defendant suffered no prejudice; the defendant does not contend otherwise. The motion for leave is granted.

Defendant FuelCell Energy, Inc. ("FuelCell" or "the Company") asks that under *Lillis v. AT&T Corp.*,[3] POSCO's leave to amend be conditioned on POSCO paying a portion of FuelCell's fees and costs incurred in investigating and moving to dismiss POSCO's first complaint. For the reasons that follow, that request is denied.

POSCO's first demand to inspect books and records, and its first complaint dated September 1, 2020, alleged POSCO had standing to seek FuelCell's books and records under 8 *Del. C.* § 220(a)(1) because it was a record stockholder.[4] On September 14, FuelCell's counsel wrote POSCO's counsel to assert that POSCO was not a record stockholder and that POSCO knew this when it submitted the first demand and complaint.[5] According to FuelCell, POSCO then attempted to demonstrate to FuelCell's counsel that POSCO was a record stockholder using "false evidence"[6] while pressing forward on its motion to expedite before this Court.

---

[3] 896 A.2d 871, 879 (Del. Ch. 2005).

[4] *See* Docket Item ("D.I.") 1 ¶ 6.

[5] D.I. 5, Ex. A at 2.

[6] D.I. 27 at 3.

After much correspondence between counsel,[7] on September 21, POSCO informed FuelCell's counsel that it had "determined that POSCO is now a beneficial owner of its FuelCell stock," and that POSCO intended to serve a new demand.[8] POSCO's counsel also agreed that, in light of the new demand, FuelCell "need not respond to the original complaint."[9] Later that day, FuelCell nevertheless moved to dismiss that complaint for lack of standing as a record stockholder.[10]

The next day, POSCO sent FuelCell's counsel a "courtesy copy" of a new demand providing it is a beneficial owner, rather than a record owner, of FuelCell shares.[11] That distinction motivates POSCO's amended complaint as well.[12] FuelCell asks that POSCO's leave to amend be conditioned on paying FuelCell's fees and costs incurred in investigating whether POSCO was a record stockholder, investigating whether POSCO is a beneficial stockholder, and moving to dismiss POSCO's first complaint alleging POSCO was a record stockholder.[13]

---

[7] *E.g.*, D.I. 14, Ex. E.

[8] *Id.* at 4.

[9] *Id.* at 1.

[10] D.I. 12. September 21 was FuelCell's deadline for responding to the first complaint.

[11] D.I. 19.

[12] D.I. 24, Ex. B ¶¶ 6, 19–20.

[13] D.I. 27 ¶ 1.

> Leave to amend and a conditional allowance are both discretionary.
>
> "A conditional allowance is within the court's discretion under Rule 15" for a reason. That option permits the court to balance the interest in deciding a case on its merits with the costs incurred when parties do not timely comply with pleading requirements.[14]

Under that balancing, this Court has declined to condition amendment on fees when "the plaintiffs' amendments represent good faith attempts to cure alleged pleading defects the defendants identified," as distinguished from *Lillis*, "in which the plaintiffs sought leave to amend only after defending their pleading with full briefing and oral argument."[15] The Court has awarded a defendant's fees where, upon receiving the adversary's argument for judgment on the pleadings, the party with the pleading burden "chose not to seek leave to amend . . . and instead stood on its defective pleading, making a series of meritless arguments, only to beg for leave to amend at oral argument. As a result, [the adversary] incurred substantial expense in briefing and arguing its motion" that was wasted by the decision granting belated leave to amend.[16]

---

[14] *Cypress Assocs., LLC v. Sunnyside Cogeneration Assocs. Project*, 2007 WL 148754, at *19 (Del. Ch. Jan 17, 2007) (quoting *Lillis*, 896 A.2d at 879).

[15] *NACCO Indus., Inc. v. Applica Inc.*, 2008 WL 2082145, at *2–3 (Del. Ch. May 7, 2008).

[16] *Cypress Assocs.*, 2007 WL 148754, at *19; *see also Franklin Balance Sheet Inv. Fund v. Crowley*, 2006 WL 3095952, at *6 (Del. Ch. Oct. 19, 2006) (shifting fees upon granting leave to amend where the plaintiffs were "glib" and their actions "resulted in at least some

Here, while POSCO changed its position on record ownership in response to FuelCell's observations, it did what the conditional allowance cases instruct: it sought leave to amend, rather than defending a wrongful position by opposing a motion to dismiss through briefing and argument. And POSCO changed its position before FuelCell filed its motion to dismiss, not after.[17] "This is not a case, such as *Franklin Balance* or *Lillis*, in which the plaintiffs sought leave to amend only after defending their pleading with full briefing and oral argument."[18]

Indeed, FuelCell seeks a conditional allowance based not on the timing of POSCO's leave request, but rather on FuelCell's theory, which POSCO disputes, that POSCO knowingly made false allegations in its original complaint and waved "false evidence" before FuelCell.[19] FuelCell relies on cases that shifted fees under the bad faith litigation exception, not as part of a conditional allowance.[20] FuelCell's accusations are serious, but not properly presented.

---

unnecessary briefing and argument by Defendants, to say nothing of the toll on the Court's time and resources").

[17] *Compare* D.I. 14, Ex. E at 4, *with* D.I. 12.

[18] *NACCO Indus., Inc.*, 2008 WL 2082145, at \*3 (citing *Franklin Balance*, 2006 WL 3095952, at \*6, and *Lillis*, 896 A.2d at 879).

[19] *See* D.I. 27 ¶¶ 2, 21.

[20] D.I. 27 at 11 n.6 (citing *Lynch v. Gonzalez*, 2020 WL 5648567, at \*3 (Del. Ch. Sept. 22, 2020) and *In re Estate of DeGroat*, 2020 WL 2078992, at \*28 (Del. Ch. Apr. 30, 2020)).

FuelCell has invoked Court of Chancery Rule 11 casually and repeatedly in this matter.[21] The Court may only determine if Rule 11(b) was violated "after notice and a reasonable opportunity to respond," and a litigant may only initiate those proceedings by "[a] motion for sanctions . . . made separately from other motions or requests."[22] Under that plain language, if FuelCell seeks sanctions for conduct it believes violates Rule 11, it must do so in an independent motion, not in argument opposing unconditional leave to amend. And, in my view, it is distracting, detrimental to the famed collegiality of the Delaware bar, and counterproductive to the "just, speedy and inexpensive determination" of judicial proceedings to summon Rule 11 in rhetoric.[23]

---

[21] *E.g.*, D.I. 14, Ex. E at 2–3.

[22] Ct. Ch. R. 11(c); *id.* 11(c)(1)(A); *see Crumplar v. Superior Ct. ex rel. New Castle Cnty.*, 56 A.3d 1000, 1005 (Del. 2012) (noting Superior Court Rule 11's identical language "provides a trial judge with authority to impose an 'appropriate sanction' on attorneys who violate Rule 11(b), but only after notice and a reasonable opportunity to respond"). "[F]or this Court to address directly an alleged violation of the Rules, that violation must involve prejudice to the fairness of the proceeding itself. Furthermore, such a finding must be supported by clear and convincing evidence." *OptimisCorp. v. Waite*, 2015 WL 5147038, at *6 (Del. Ch. Aug. 26, 2015) (citation and internal quotation marks omitted).

[23] Ct. Ch. R. 1; *see Coughlin v. S. Canaan Cellular Invs., LLC*, 2012 WL 2903924, at *2 (Del. Ch. July 6, 2012) ("'[L]awyers should think twice, three times, four times, perhaps more before seeking Rule 11 sanctions or moving for fees under the bad faith exception. These types of motions are inflammatory.' An unwarranted motion for fee shifting under the bad faith exception can itself justify a finding of bad faith and fee shifting." (quoting *Katzman v. Comprehensive Care Corp.*, C.A. No. 5892–VCL, at 13 (Del. Ch. Dec. 28, 2010) (TRANSCRIPT)).

Accordingly, I deny FuelCell's request for conditional allowance based on the

timing of POSCO's amended demand and request for leave to amend the complaint.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*